FAX or Internet

# UNITED STATES DISTRICT COURT

## for the

## District of Arizona

In the Matter of the Search of )
)
Residence located at )
2541 West Georgia Avenue, Apartment 123 )   Case No.  21 - 383 MB
Phoenix, Arizona 85017 )
)
)

## ELECTRONICALLY-ISSUED SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer.

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the                    District of   Arizona.
*(identify the person or describe the property to be searched and give its location)*:
   **See Attachment A.**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
   **See Attachment B**

I find that the affidavit(s), or any recorded testimony, have been communicated by reliable electronic means and establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before    December 29, 2021
                                                                          *(not to exceed 14 days)*

[X] in the daytime  6:00 a.m. to 10 p.m.       [ ] at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the search warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave a search warrant copy and receipt at the place where the property was taken

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
   Any U.S. Magistrate Judge, Phoenix, Arizona          .
         *(Name)*

N/A [ ] I find that immediate notification may have an adverse result as specified in 18 U.S.C. §3103a (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* [ ] for        days *(not to exceed 30)*.
                                                    [ ] until, the facts justifying, the later specific date of _____.

Date and Time Issued:   12 - 15 - 2021
                                     @ 2 pm                              *Judge's Signature*

City and State:    Phoenix, Arizona          Honorable Michelle H. Burns, United States Magistrate Judge

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

2541 West Georgia Avenue, Apartment 123, Phoenix, Arizona 85017

The entire premises and the curtilage located at 2541 West Gorgia Avenue, Apartment 123, Phoenix, Arizona 85017 (hereafter, the "Subject Premises"). The Subject Premises is a two-story apartment complex. Apartment 123 is located in building S. The buildings are a stucco tan color with a charcoal-colored sloping shingle roof. The Subject Premises has the numbers "123" posted on the front of the residence.



## ATTACHMENT B

### PROPERTY TO BE SEIZED

Agents are authorized to search for evidence, contraband, fruits, or instrumentalities of Title 18, United States Code (U.S.C.), Section 922(a)(1)(A), Dealing Firearms without a License; 18 U.S.C. § 922(a)(6), False Statement During the Purchase of a Firearm: and 18 U.S.C. § 922(g)(1), Unlawful Possession of a Firearm by a Convicted Felon; and, as further described in the affidavit of probable cause including:

1.  Any firearms including firearms parts, frames, receivers, accessories, magazines, cases, boxes, holsters;

2.  Any ammunition and components including, bullets, brass, casings, boxes, and cases;

3.  Concealed Weapons Permit;

4.  The following records relating to the violations of 18 U.S.C. § 922(a)(1):

    a.  Records, documents, notes, receipts, ledgers, invoices, indicia, or photographs showing the acquisition or sale of any firearms and firearm parts;

    b.  Receipts, bank account records, buyer or seller lists, money transfer records, agreements for storage facilities, records of mail service, ledgers, and notebooks showing the acquisition and/or disposition of firearms and firearm parts;

    c.  Books, records, receipts, notes, ledgers, personal checks and other papers relating to the transportation, ordering, and purchase of firearms, firearm accessories, or ammunition;

    d.  Ledgers, customer lists, contact lists, inventory lists, vendor lists, or any notes containing the individual names of such persons, telephone numbers or addresses of such persons; and,

1

e.      Bank documents and records, financial documents and records, and any records and documents relating to any bank or financial transactions, including: correspondence, signature cards and applications for all credit card accounts, investment accounts, and retirement accounts; copies of monthly, quarterly, yearly or periodic account statements; pre-paid credit/debit cards; money wrappers; copies of check journals, check ledgers, checkbooks, check registers, deposit tickets, deposit items, credit memos, debit memos, canceled checks, loan applications, financial statements, mortgage or promissory notes; copies of loan ledger accounts; copies of annual loan statements; application for bank drafts, cashier's checks, and foreign drafts; and records relating to employment, wages earned and paid, business income earned, and other compensation records.

5.      Records indicating occupancy, residency, rental or ownership of the search location, including utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, and keys;

6.      Any and all records pertaining to the rental of self-storage units and post office boxes or mailboxes;

7.      Electronic equipment, including cellular telephones, computers, disks, thumb drives, and any media storage device, GPS devices and their memory, and related manuals used to generate, transfer, count, record or store the information described in this attachment. For any computer or electronic storage medium whose seizure is otherwise authorized by this warrant, and any computer or electronic storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, the "Electronic Storage Device"), this warrant also authorizes the seizure of the following:

a.      Evidence of who used, owned, or controlled the Electronic Storage Device at the time the things described in this warrant were created, edited,

2

or deleted, such as logs, registry entries, configuration files, saved user names and passwords, documents, and browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b.      Call details including call history, duration of calls, text messages, and text message history;

c.      Electronic correspondence and communications stored on, or accessed through, the Electronic Storage Device relating to the procurement of export-controlled items, to include e-mails and attached files, text messages, any Short Message Service messages (SMS), Instant Messages (IM), Multimedia Message Service messages, or similar text or electronic messages made through additional applications from which communication can be made, and instant messaging logs;

d.      Contact lists stored on or accessed through the Electronic Storage Device, to include telephone and e-mail contact names, telephone numbers, addresses, and e-mail addresses;

e.      Evidence of software that would allow others to control the Electronic Storage Device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

f.      Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

g.      Evidence indicating how and when the Electronic Storage Device was accessed or used to determine the chronological context of Electronic Storage Device access, use, and events relating to crime under investigation and to the user of the Electronic Storage Device;

3

h. Evidence of the attachment to the Electronic Storage Device of other storage devices or similar containers for electronic evidence;

i. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Electronic Storage Device;

j. Evidence of the times the Electronic Storage Device was used;

k. Passwords, encryption keys, and other access devices that may be necessary to access the Electronic Storage Device;

l. Documentation and manuals that may be necessary to access the Electronic Storage Device or conduct an examination of the Electronic Storage Device;

m. Any records of or information about Internet Protocol addresses used by the Electronic Storage Device;

n. Contextual information necessary to understand the evidence described in this attachment; and,

o. Any peripheral equipment used to facilitate the transmission, creation, display, encoding or storage of records, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners.

8. Items used for identification, including identification cards under fictitious names, and any other type of false identifying documents.

4

FAX or Internet

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

In the Matter of the Search of

Residence located at
2541 West Georgia Avenue, Apartment 123
Phoenix, Arizona 85017

)
)
)
)
)
)

Case No.  21-383 MB

## ELECTRONIC APPLICATION FOR SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request an electronic search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:   **See Attachment A.**

located in the _____ District of _____ Arizona _____, there is now concealed *(identify the person or describe the property to be seized)*: **See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- [X] evidence of a crime;
- [X] contraband, fruits of crime, or other items illegally possessed;
- [X] property designed for use, intended for use, or used in committing a crime;
- [ ] a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense(s) Description |
|---|---|
| 18 U.S.C. § 922(a)(1)(A) | Dealing Firearms without a License |
| 18 U.S.C. § 922(a)(6) | False Statement during Purchase of a Firearm |
| 18 U.S.C. § 922(g)(1) | Unlawful Possession of a Firearm by a Convicted Felon |

The application is based upon the following facts:

- [X] Continued on the attached sheet. **See Attachment C.**
- [ ] Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

**Pursuant to 28 U.S.C. §1746(2) I declare under penalty of perjury that the foregoing is true and correct.**

Executed on *telephonically*

Reviewed By: *AUSA Brian E. Kasprzyk*  BCK

Date/Time:  12-15-2021

City and State:      Phoenix, Arizona

*Applicant's Signature*

Lowell I. Farley, Senior Special Agent, ATF
*Printed Name and Title*

*Judge's Signature*

HONORABLE MICHELLE H. BURNS
United States Magistrate Judge
*Printed Name and Title*

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

2541 West Georgia Avenue, Apartment 123, Phoenix, Arizona 85017

The entire premises and the curtilage located at 2541 West Gorgia Avenue, Apartment 123, Phoenix, Arizona 85017 (hereafter, the "Subject Premises"). The Subject Premises is a two-story apartment complex. Apartment 123 is located in building S. The buildings are a stucco tan color with a charcoal-colored sloping shingle roof. The Subject Premises has the numbers "123" posted on the front of the residence.



**ATTACHMENT B**

**PROPERTY TO BE SEIZED**

Agents are authorized to search for evidence, contraband, fruits, or instrumentalities of Title 18, United States Code (U.S.C.), Section 922(a)(1)(A), Dealing Firearms without a License; 18 U.S.C. § 922(a)(6), False Statement During the Purchase of a Firearm: and 18 U.S.C. § 922(g)(1), Unlawful Possession of a Firearm by a Convicted Felon; and, as further described in the affidavit of probable cause including:

1. Any firearms including firearms parts, frames, receivers, accessories, magazines, cases, boxes, holsters;

2. Any ammunition and components including, bullets, brass, casings, boxes, and cases;

3. Concealed Weapons Permit;

4. The following records relating to the violations of 18 U.S.C. § 922(a)(1):

    a. Records, documents, notes, receipts, ledgers, invoices, indicia, or photographs showing the acquisition or sale of any firearms and firearm parts;

    b. Receipts, bank account records, buyer or seller lists, money transfer records, agreements for storage facilities, records of mail service, ledgers, and notebooks showing the acquisition and/or disposition of firearms and firearm parts;

    c. Books, records, receipts, notes, ledgers, personal checks and other papers relating to the transportation, ordering, and purchase of firearms, firearm accessories, or ammunition;

    d. Ledgers, customer lists, contact lists, inventory lists, vendor lists, or any notes containing the individual names of such persons, telephone numbers or addresses of such persons; and,

1

    e.    Bank documents and records, financial documents and records, and any records and documents relating to any bank or financial transactions, including: correspondence, signature cards and applications for all credit card accounts, investment accounts, and retirement accounts; copies of monthly, quarterly, yearly or periodic account statements; pre-paid credit/debit cards; money wrappers; copies of check journals, check ledgers, checkbooks, check registers, deposit tickets, deposit items, credit memos, debit memos, canceled checks, loan applications, financial statements, mortgage or promissory notes; copies of loan ledger accounts; copies of annual loan statements; application for bank drafts, cashier's checks, and foreign drafts; and records relating to employment, wages earned and paid, business income earned, and other compensation records.

5.    Records indicating occupancy, residency, rental or ownership of the search location, including utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, and keys;

6.    Any and all records pertaining to the rental of self-storage units and post office boxes or mailboxes;

7.    Electronic equipment, including cellular telephones, computers, disks, thumb drives, and any media storage device, GPS devices and their memory, and related manuals used to generate, transfer, count, record or store the information described in this attachment. For any computer or electronic storage medium whose seizure is otherwise authorized by this warrant, and any computer or electronic storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, the "Electronic Storage Device"), this warrant also authorizes the seizure of the following:

    a.    Evidence of who used, owned, or controlled the Electronic Storage Device at the time the things described in this warrant were created, edited,

2

or deleted, such as logs, registry entries, configuration files, saved user names and passwords, documents, and browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b.      Call details including call history, duration of calls, text messages, and text message history;

c.      Electronic correspondence and communications stored on, or accessed through, the Electronic Storage Device relating to the procurement of export-controlled items, to include e-mails and attached files, text messages, any Short Message Service messages (SMS), Instant Messages (IM), Multimedia Message Service messages, or similar text or electronic messages made through additional applications from which communication can be made, and instant messaging logs;

d.      Contact lists stored on or accessed through the Electronic Storage Device, to include telephone and e-mail contact names, telephone numbers, addresses, and e-mail addresses;

e.      Evidence of software that would allow others to control the Electronic Storage Device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

f.      Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

g.      Evidence indicating how and when the Electronic Storage Device was accessed or used to determine the chronological context of Electronic Storage Device access, use, and events relating to crime under investigation and to the user of the Electronic Storage Device;

3

h.   Evidence of the attachment to the Electronic Storage Device of other storage devices or similar containers for electronic evidence;

i.   Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Electronic Storage Device;

j.   Evidence of the times the Electronic Storage Device was used;

k.   Passwords, encryption keys, and other access devices that may be necessary to access the Electronic Storage Device;

l.   Documentation and manuals that may be necessary to access the Electronic Storage Device or conduct an examination of the Electronic Storage Device;

m.   Any records of or information about Internet Protocol addresses used by the Electronic Storage Device;

n.   Contextual information necessary to understand the evidence described in this attachment; and,

o.   Any peripheral equipment used to facilitate the transmission, creation, display, encoding or storage of records, including word processing equipment, modems, docking stations, monitors, printers, plotters, encryption devices, and optical scanners.

8.   Items used for identification, including identification cards under fictitious names, and any other type of false identifying documents.

4

**PROBABLE CAUSE AFFIDAVIT IN SUPPORT OF THE SEARCH OF:**

2541 West Georgia Avenue, Apartment 123, Phoenix, Arizona 85017

I, Lowell I. Farley, Jr., being duly sworn, depose and state that:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Senior Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) and have been so employed since 2005.  I am currently assigned to the Phoenix Field Division in Phoenix, Arizona.  I have conducted and participated in numerous investigations concerning violations of federal law including but not limited to the illegal possession of firearms, firearms trafficking, so-called straw purchasing of firearms, dealing firearms without a license, the illegal possession with intent to distribute controlled substances, criminal conspiracies, and the commission of violent crimes against individuals.

2.      I have received specialized training in, and have personally conducted, various types of investigative activity, including but not limited to: physical surveillance; debriefing defendants, witnesses, and informants; undercover operations; the execution of search warrants; evidence handling; and electronic surveillance.

3.      The statements contained in this Affidavit are based on your Affiant's personal knowledge and observations as well as the personal knowledge and observations of other sworn law enforcement officers.  Your Affiant also relies on his experience, training, and background as a Senior Special Agent in evaluating this information.  Since this Affidavit

1

is being submitted for the limited purpose of establishing probable cause, your Affiant has not included each and every fact or source of information establishing violations of federal law.

4.      Based upon my training and experience conducting criminal investigations of federal firearms and ammunition law violations, I know that it is common for persons who possess firearms and/or ammunition to store those items inside their residences, vehicles, sheds, and storage units; to include, any such places easily accessible to them and/or under their control.   Unlike money and illegal drugs, firearms and ammunition (whether possessed legally or illegally) remain in the possession of individuals for much longer periods of time.   Where money and illegal drugs are normally consumed, disposed of and/or moved within hours, days or weeks of acquisition, firearms and ammunition (unless previously used by the possessor in a violent act) are kept for weeks, months, years or a lifetime.

5.      Based upon my training and experience, I also know that documents and records related to the purchase of firearms, such as receipts, photographs, and ledgers, are also frequently stored in a purchaser's residence, also for long periods of time.   Similarly, where there is indicia of firearms trafficking related to the purchase of firearms, I also know that other documents such as customer lists, buyer/seller lists, log books and contact information documents are also frequently found in a purchaser's residence.

6.     Based upon prior searches of premises and vehicles used by individuals involved in the illegal possession of firearms, ammunition and controlled substances, I know that it is common for there to be articles of personal property and documents on the premises or in the vehicles evidencing the identity of persons controlling the premises and vehicles.

7.     Based upon my training and experience, I know that it is common tactic for individuals who cannot legally possess firearms to acquire them by using a person close to them (like a spouse or romantic partner) who can otherwise legally purchase and possess firearms) to purchase firearms on their behalf.  This practice of one person purchasing firearms on behalf of another while claiming to be the actual buyer or transferee is often referred to as "straw purchasing" a firearm.

8.     Based on my training and experience, I know that persons engaged in straw purchasing firearms will often purchase multiple firearms of the same or similar make and model.  They will often pay in cash and use incorrect, old, or false addresses to conceal their actual residence and prevent law enforcement from tracing the firearms back to them. Firearms that have been straw-purchased often are recovered by law enforcement during unrelated criminal investigations or at crime scenes within a relatively short time period, referred to as time-to-crime ("TTC").

9.     This affidavit is submitted in support of an application for a warrant to search the residence located at 2451 West Georgia Avenue, Apartment 123, Phoenix, Arizona 85017, which is more fully described in Attachment A, for evidence of violations of federal law,

3

specifically: Title 18, United States Code (U.S.C.), Section 922(a)(1)(A), Dealing Firearms without a License; 18 U.S.C. § 922(a)(6), False Statement During the Purchase of a Firearm; and 18 U.S.C. § 922(g)(1), Unlawful Possession of a Firearm by a Convicted Felon, which is more fully described in Attachment B.

## PROBABLE CAUSE

10.     In November, 2021, ATF began investigating the firearm purchasing habits of Terrianne Rae Jackson ("JACKSON") after a review of Multiple Sale Summary Reports revealed JACKSON had purchased several firearms of identical make, model, and caliber as well as firearms that are commonly trafficked to criminal street gangs, e.g., semi-automatic pistols chambered in 9 x 19 mm caliber, .40 S&W caliber, and .380 ACP caliber.  Additionally, ATF noted that JACKSON has made all her firearms purchases at the same three Federal Firearms Licensees ("FFLs") in batches of one or two firearms a month between March 16, 2021 and December 12, 2021.

11.     ATF contacted the three FFLs who had sold the firearms to JACKSON and reviewed the ATF Form 4473, Firearms Transaction Record, for each of JACKSON's known purchases.  From March 16 to December 12, 2021, JACKSON has purchased 27 firearms over the course of 20 different transactions.

12.     Based on a review of receipts for some of the purchases by JACKSON and market prices for other firearms purchased by JACKSON, ATF estimates that JACKSON has spent roughly $11,000 on firearms from March to December, 2021.  While ATF has yet

4

to obtain all of the receipts for JACKSON's firearm purchases, the receipts they have

obtained thus far have all been cash transactions.  A records check at the Arizona

Department of Economic Security revealed JACKSON had a reported income of $75.79

for the third quarter of calendar year 2021.

13.     One of the firearms JACKSON purchased was a Ruger, model LCP, .380 ACP

caliber pistol, serial number 372428030 from Tombstone Tactical in Phoenix, Arizona,

on May 8, 2021.  That pistol was recovered by law enforcement in Victorville, California,

on November 24, 2021, with a TTC of 200 days.

14.     JACKSON also purchased a Glock, model 19, 9 x 19 mm caliber pistol, serial

number BSXU950, from Tombstone Tactical on September 2, 2021.  That pistol was also

recovered by law enforcement in Victorville, California, on December 1, 2021, with a

TTC of 90 days.

15.     Over the course of this investigation, ATF has learned that on December 8, 2021,

JACKSON purchased two firearms from Tombstone Tactical.  ATF records show that a

representative of Tombstone Tactical ran a background check on JACKSON at 5:08 p.m.

which JACKSON passed.  According to the Form 4473, JACKSON purchased a Taurus

G2C 9 x 19mm caliber pistol and a Smith and Wesson model M&P 9 Shield 9 x19mm

caliber pistol from Tombstone Tactical on this occasion.

16.     ATF records show that less than an hour later, at 5:56 p.m., a representative of

Shooter's World also ran a background check on JACKSON which she also passed.

5

According to the Form 4473, JACKSON purchased a Ruger Security 9 pistol on this occasion.

17.     Investigators reviewed surveillance footage from both Tombstone Tactical and Shooter's World on December 8, 2021 at the time of JACKSON's firearms purchases. In the surveillance footage, JACKSON appears to be accompanied by an adult African American male, later identified as Sierus Dunbar ("DUNBAR").

**Sierus Dunbar**

18.     Investigators reviewed the social media accounts of both JACKSON and DUNBAR. From that review, it appears that JACKSON and DUNBAR are in a romantic relationship. DUNBAR's Facebook page has a photograph of a SCCY 9 x 19 mm pistol with an extended magazine placed over a blue bandana. Blue bandanas are commonly associated with criminal street gangs. Your Affiant also noted that DUNBAR posted on his social media page about his "first licc" in Phoenix in which a photo of multiple stacks of $100.00 bills is shown. I know from my training and experience that references to a "lick" or "licc" can refer to getting a large sum of money very quickly and usually illegally.

19.     Investigators reviewed DUNBAR's criminal history and learned he has an extensive criminal history in the States of Arizona, California, and Nevada. DUNBAR was convicted in the State of California for felony grand theft for which he was sentenced to 16 months in prison. DUNBAR was also convicted in the State of California for

6

assault with a deadly weapon other than a firearm for which he was sentenced to four years in prison. DUNBAR also has two misdemeanor convictions of domestic violence in the State of Nevada. Additionally, DUNBAR has two Class-6 felony convictions for possession of marijuana in the State of Arizona as well as arrests for assault, burglary, and criminal trespass. Based on his record, DUNBAR is a prohibited possessor under 18 U.S.C. § 922(g)(1).

### Address on Form 4473s

20.    On each of the Form 4473s that JACKSON executed between March 16 and December 14, 2021, she listed her address as 4802 North 19th Avenue, Apartment A232, Phoenix, Arizona 85015. JACKSON also presented to each FFL an Arizona Driver License bearing the same North 19th Avenue address. On December 8, 2021, ATF Agents went to 4802 North 19th Avenue and knocked on the door of Apartment A232. The person who answered the door, T.F., identified themself as the current occupant of Apartment A232. T.F. advised that they had lived in the apartment since September 1, 2021 and that they were the only person on the lease. T.F. was shown a picture of JACKSON. T.F. denied knowing who JACKSON was or ever receiving mail for JACKSON at this address. T.F. also indicted that they did not know the prior tenants in the apartment. ATF Agents confirmed with a representative of the apartment complex in the manager's office that T.F. was the current resident on the lease for Apartment A232. Moreover, they also confirmed that there was no record of JACKSON ever being on a lease for an apartment in that complex.

7

**HomeTowne Studios**

21.     An electronic records check showed that JACKSON and DUNBAR resided at a

HomeTowne Studios by Red Roof hotel located at 2102 West Dunlap Avenue, Phoenix,

Arizona in April and May, 2021.  Investigators spoke with the management staff at the

hotel who advised that Suite 264 had been rented in DUNBAR's name from April 10

through May 26, 2021 and that JACKSON was a registered guest staying in the same

suite.  The management staff advised that the couple had numerous loud arguments and

after their last argument in May the management staff did not allow them to extend their

stay at the property.

**Subject Premises**

22.     A records check revealed that the Phoenix Police Department has responded to

calls for service regarding domestic disturbances between JACKSON and DUNBAR to

2542 West Colter Street, Apartment 123, Phoenix, Arizona 85017, on July 31, August 23

and December 3, 2021.  During the call for service on December 3, 2021, Phoenix Police

noted that DUNBAR was not on the lease for Apartment 123.  On December 14, 2021, I

traveled to the Thom Slate on Colter apartment complex at 2542 West Colter Street and

observed JACKSON and DUNBAR entering Apartment 123.  At that time ATF also

contacted a representative of the apartment complex in the management office who

advised that JACKSON moved into Apartment 123 on June 3, 2021 and is the only

person on the lease.

8

23.     Your Affiant reviewed JACKSON's lease for Apartment 123 and noted that the street address reflected on the lease is 2541 West Georgia Avenue, Apartment 123, Phoenix, Arizona 85017.  The leasing manager explained that while the street address for the leasing office at Thom Slate on Colter is 2542 West Colter Street, the actual mailing addresses for each of the individual apartments is 2541 West Georgia Avenue – as is reflected in JACKSON's lease.  Management staff also said they have been trying to rectify this discrepancy with the United States Postal Service for some time because it has caused problems for several tenants in disrupting their mail service.

24.     The Phoenix Police records regarding their responses to domestic disputes between JACKSON and DUNBAR reflect the 2542 West Colter Street address, but specify Apartment 123.  During the most recent call for service on December 3, 2021, JACKSON had called the police claiming that DUNBAR, her boyfriend of 6-7 years, had locked her out of the Apartment 123 of which she claimed to be the sole person on the lease.  Phoenix Police advised JACKSON at the time to contact the apartment management to get another key to her apartment.

25.     A check of Arizona Motor Vehicle Division ("MVD") records showed that on November 18, 2021, DUNBAR updated his address with MVD to reflect 2542 West Colter Street, Apartment 123, Phoenix, Arizona 85017.  As of December 14, 2021, DUNBAR's name does not appear on the lease for any apartment in the Thom Slate on Colter apartment complex.

9

**Impending Firearm Purchase**

26.     On December 12, 2021, I was notified by sale staff at Tombstone Tactical that

JACKSON and DUNBAR had gone into Tombstone Tactical where JACKSON had

attempted to purchase a Taurus, model G2C, 9 x 19 mm caliber pistol, and a HS Produkt

(imported by Springfield Armory), model XDS-45, .45 ACP caliber pistol.  JACKSON

signed the ATF 4473 certifying it was correct and she again listed her address as 4802

North 19th Avenue, Apartment A232, Phoenix, Arizona, 85015.  The sales staff at

Tombstone advised JACKSON she could pick up the firearm on or after December 16,

2021.

27.     Based on my training and experience, I have learned that individuals who possess

or own firearms and ammunition routinely store these weapons in their residence for easy

access and safekeeping.  I have also learned that records showing indicia of occupancy,

residence, and/or dominion over a residence such as utility bills, sales receipts, forms of

identification, mail, and other documents routinely exist at a residence where the

occupant lives and are retained for long periods of time.

**CONCLUSION**

28.     Based on the information contained herein, I believe that JACKSON is straw

purchasing firearms for her romantic partner DUNBAR, who is a prohibited possessor.

Based on DUNBAR's criminal history, social media posts, and the fact two firearms have

been traced back to JACKSON with relatively short TTCs, I suspect DUNBAR may be re-selling the firearms that JACKSON straw purchases for him.

29.     Based upon the information contained herein, there is probable cause to believe violations of federal law have been committed within the District of Arizona, specifically: Title 18, United States Code (U.S.C.), Section 922(a)(1)(A), Dealing Firearms without a License; 18 U.S.C. § 922(a)(6), False Statement During the Purchase of a Firearm; and 18 U.S.C. § 922(g)(1), Unlawful Possession of a Firearm by a Convicted Felon.  Additionally, there is probable cause to believe evidence of those violations will be found in the subject premises located at 2541 West Georgia Avenue, Apartment 123, Phoenix, Arizona 85017.  Accordingly, I request that a search warrant be issued.

Pursuant to 28 U.S.C. §1746(2), I declare under penalty of perjury that the foregoing is true and correct.

LOWELL I. FARLEY
Senior Special Agent, ATF

Sworn before me telephonically this 15th day of December, 2021.

HONORABLE MICHELLE H. BURNS
United States Magistrate Judge

11